UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DANTÉ BARTOLOMEO, *et al.*, <br><br> Defendants. | Civil Action No. 3:22-cv-1373 |

**PLAINTIFF NATIONAL FEDERATION OF INDEPENDENT BUSINESS'S UNOPPOSED MOTION TO BE DROPPED AS A PARTY**

Pursuant to Federal Rule of Civil Procedure 21, Plaintiff National Federation of Independent Business ("NFIB") moves the Court to enter an order dropping NFIB as a Plaintiff in this case, dismissing NFIB's claims against Defendants with prejudice, and requiring each party to bear its own costs and fees. In support of the motion, NFIB states as follows:

1. NFIB is one of nine Plaintiffs that joined this action seeking declaratory and injunctive relief. *See* ECF No. 1. NFIB now seeks to drop as a party and dismiss its claims against Defendants with prejudice. The remaining eight Plaintiffs will continue to pursue their claims.

2. Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

3.      Whether "just terms" exist to drop a party involves a similar analysis as to whether "justice so requires" a court to grant leave to amend a complaint under Rule 15(a) or to permit dismissal "on terms that the court considers proper" under Rule 41(a)(2).  *See Broadway & Ninety-Sixth Street Realty Corp. v. Loew's, Inc.*, 23 F.R.D. 9, 11 (S.D.N.Y. 1958) (considerations under Rule 15(a), Rule 21, and Rule 41(a)(2) are "substantially identical").

4.      Under any of these rules, the request to drop the party should usually be granted unless a party can show prejudice from the dismissal.  *See, e.g.*, *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) ("A motion to amend [under Rule 15] should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." (cleaned up)); *City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006) ("the court typically will deny a request [under Rule 21] that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action"); *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) ("In general, the court may allow . . . a dismissal [under Rule 41] if the defendant will not be prejudiced thereby").[1]

---

[1] Courts in this district have not fully aligned on the correct procedural rule to invoke to drop a party from the action.  *Compare City of Groton v. Conn. Light & Power Co.*, 84 F.R.D. 420, 422 (D. Conn. 1979) ("The proper approach in this Circuit [to drop a party] is to seek to withdraw as parties plaintiff under Rule 21 . . . which would leave the action intact, or request leave to amend the complaint under Rule 15(a)."), *with Morron v. City of Middletown*, 2006 WL 1455607, at *1 (D. Conn. May 23, 2006) (recognizing Rule 41 can be used to dismiss individual claims).  But, as shown above, given the similar analyses under Rule 15(a), 21, and 41(a)(2), "the precise procedural

5. Here, Defendants have consented to the dismissal with prejudice and thus do not contend they are prejudiced by the dismissal. Accordingly, NFIB has demonstrated "just terms" to support it being dropped from the case. Fed. R. Civ. P. 21.

WHEREFORE, the Court should enter order granting the motion, dropping NFIB as a Plaintiff in this action, dismissing NFIB's claims against Defendants with prejudice, and requiring each party to bear its own costs and fees.

Respectfully submitted,

/s *Bryan Killian*

MORGAN LEWIS & BOCKIUS LLP
Bryan Killian
One State St.
Hartford, CT 06103-3178
Telephone: (202) 373-6191
Fax: (860) 240-2701
bryan.killian@morganlewis.com

MORGAN LEWIS & BOCKIUS LLP
Philip A. Miscimarra
David B. Salmons
Patrick A. Harvey
Amanda L. Salz
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Fax: (202) 739-3001

---

device relied upon by the movant" is not "determinative." *Allen v. Indeck Cointh Ltd. P'ship*, 161 F.R.D. 233, 235 (N.D.N.Y. 1995). Thus, it is "unnecessary to decide whether [this Court is] acting under Rule 15(a), Rule 21, Rule 41(a)(2) or under none of them." *Broadway*, 23 F.R.D. at 11.

philip.miscimarra@morganlewis.com
david.salmons@morganlewis.com
patrick.harvey@morganlewis.com
amanda.salz@morganlewis.com

*Attorneys for National Federation of Independent Business*

4