**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

CHAMBER OF COMMERCE OF THE :
UNITED STATES OF AMERICA, ET AL. :          No. 3:22-cv-01373(KAD)
     *Plaintiff* :
      :
v. :
      :
DANTÉ BARTOLOMEO, ET AL. :
     *Defendants* :

**DEFENDANTS' OBJECTIONS AND RESPONSES TO CONNECTICUT BUSINESS &
INDUSTRY ASSOCIATION'S INITIAL REQUESTS FOR ADMISSION AND
INTERROGATORIES**

Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, Defendants Danté

Bartolomeo and Attorney General William Tong ("Defendants"), hereby serve their Objections

and Responses to Plaintiff Connecticut Business and Industry Association's ("CBIA") Initial

Requests for Admission and Interrogatories.

**INSTRUCTIONS**

1.     **Timeframe.** Unless otherwise stated in a specific Request, these Requests seek

responses regarding the period starting on July 1, 2022, when the Connecticut legislature's

amendments to Connecticut General Statutes § 31-51q ("Section 31-51q") went into effect, and

ending on the date on which Defendants' responses are served.

2.     **Construction.** These Requests must be construed in the broadest possible manner

consistent with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States

District Court for the District of Connecticut. The words "all," "any," "each," "and," and "or" must

be construed conjunctively and disjunctively as necessary to make the Requests inclusive rather

than exclusive. The singular includes the plural and vice versa. A masculine, feminine, or neuter

pronoun includes all other genders. Any verb used in any tense includes the verb in all its tenses.

1

## DEFINITIONS

The following Definitions apply to each Request. All terms not expressly defined in these Definitions, the Federal Rules of Civil Procedure, or the Local Rules of the United States District Court for the District of Connecticut shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

1.    *Commissioner.*    The "Commissioner" is the Commissioner of the Connecticut Department of Labor.

2.    *Department of Labor.*    The "Department of Labor" or "DOL" is the Connecticut Department of Labor, which Danté Bartolomeo serves as the Commissioner.

3.    *Enforcement Action.*    An "enforcement action" is any action that a Connecticut government official takes in order to enforce a State law, including Section 31-51q.

**Objection:  Defendants object to this definition as ambiguous, vague, overbroad, and unduly burdensome because it covers "any action" a government official takes to enforce a State law without providing any definition or limitation on the kinds of actions covered, and could therefore cover the most perfunctory or inconsequential action taken—e.g., the mere sending of an e-mail in the course of an enforcement action.**

4.    *Final Authority.*    A State official has "final authority" if, by virtue of his or her position as a State official, he or she is (1) authorized to take action on behalf of the State without first obtaining approval from another State official; or (2) authorized to direct another State official to take action on behalf of the State without first obtaining approval from another State official.

**Objection:  Defendants object to this definition as ambiguous and vague because it provides two alternative definitions of "final authority," and the below requests for admission do not specify which version of the definition is being referred to.**

5.    *Investigative Action.*    An "investigative action" is any action that a Connecticut government official takes in order to investigate an individual's or entity's potential violation of any State law, including Section 31-51q.

**Objection:  Defendants object to this definition as ambiguous, vague, overbroad, and unduly burdensome because it covers "any action" a government official takes to investigate a potential violation of State law without providing any definition or limitation on the kinds of actions covered, meaning that the definition could cover any action taken no matter how perfunctory or inconsequential—e.g., the mere sending of an e-mail in the course of an investigation.**

6.    *Official Capacity.*  A State official acts in his or her "official capacity" when he or she acts on behalf of the State, rather than on behalf of himself or herself individually. Every reference to actions by Defendant Danté Bartolomeo or Defendant William Tong refers to the Defendant acting in his or her official capacity as Commissioner of the Department of Labor or Attorney General of Connecticut, respectively.

7.    *State.*  The "State" is the State of Connecticut.

## REQUESTS FOR ADMISSION

1.    Admit that Danté Bartolomeo has final authority over DOL investigative actions.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion because the Commissioner's legal authority is established by statute, *e.g.*, Conn. Gen. Stat. §§ 4-8, 31-2 and 31-3, and those statutes speak for themselves.  Defendants further object to this request as overbroad, unduly burdensome, and irrelevant insofar as it covers investigative actions unrelated to Conn. Gen. Stat. § 31-51q.  Defendants further object to this request as vague and ambiguous because it does not indicate which of the above alternative definitions of "final authority" it is referring to.**

**Notwithstanding and without waiving these objections, Defendants admit that the Commissioner has final authority over DOL investigative actions, but that she generally delegates authority to, defers to, and/or adopts the decisions of the Wage and Workplace Standards Division ("WWSD") regarding the investigation and enforcement of wage and workplace standards laws.**

2.    Admit that Danté Bartolomeo has final authority over DOL enforcement actions.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion because the Commissioner's legal authority is established by statute, and those statutes speak for themselves.  Defendants further object to this request as overbroad, unduly burdensome, and irrelevant insofar as it covers enforcement actions unrelated to Conn. Gen. Stat. § 31-51q. Defendants further object to this request as vague and ambiguous because it does not indicate which of the above alternative definitions of "final authority" it is referring to.**

3

**Notwithstanding and without waiving these objections, Defendants admit that while the Commissioner could in theory exercise final authority over DOL enforcement actions, that she generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws.**

3.    Admit that Danté Bartolomeo can order an investigation of an employer's potential violation of Section 31-51q.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion because the Commissioner's legal authority is established by statute, and those statutes speak for themselves.**

**Notwithstanding and without waiving this objection, Defendants admit that the Commissioner could in theory order an investigation of an employer's potential violation of § 31-51q as authorized by law, but deny that she has ever done so or has any current plans to do so.  The Commissioner generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws, and the WWSD has never had occasion to enforce, or investigate potential violations of, § 31-51q.**

4.    Admit that Danté Bartolomeo can seek penalties or fines from employers for violating Section 31-51q.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion because the Commissioner's legal authority is established by statute, *see* Conn. Gen. Stat. § 31-69a, and those statutes speak for themselves.**

**Notwithstanding and without waiving this objection, Defendants admit that § 31-69a permits the Commissioner to seek a civil penalty of $300 for each violation of Chapter 557, including § 31-51q, but deny that the Commissioner has ever done so, has any current plans to do so, or could actually impose or recover a civil penalty from an employer for violating § 31-51q absent a determination that a violation had occurred.  The Commissioner generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws, and the WWSD has never had occasion to enforce, or investigate potential violations of, § 31-51q.**

5.    Admit that Danté Bartolomeo can overrule or override her subordinate's decision whether to investigate an employer's potential violation of Section 31-51q.

4

**ANSWER: Defendants object to this request on the ground that it improperly calls for a legal conclusion because the Commissioner's legal authority is established by statute, *see* Conn. Gen. Stat. § 31-69a, and those statutes speak for themselves. Defendants further object to the term subordinate as broad and ambiguous.**

**Notwithstanding and without waiving these objections, Defendants construe the term subordinate to mean DOL employees. Defendants admit that the Commissioner could in theory overrule a subordinate's decision whether to investigate an employer's potential violation of § 31-51q if there is a legal basis for doing so, but deny that she has ever done so or has any current plans to do so. The Commissioner generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws, and the WWSD has never had occasion to enforce, or investigate potential violations of, § 31-51q.**

6.    Admit that Danté Bartolomeo can overrule or override her subordinate's decision whether to seek penalties or fines from employers for violating Section 31-51q.

**ANSWER: Defendants object to this request on the ground that it improperly calls for a legal conclusion. Defendants further object to the term subordinate as broad and ambiguous.**

**Notwithstanding and without waiving these objections, Defendants construe the term subordinate to mean DOL employees. Defendants admit that the Commissioner could in theory overrule a decision of a DOL employee about whether to seek a $300 civil penalty from an employer under § 31-69a for a violation of § 31-51q if there is a legal basis for doing so, but deny that she has ever done so or has any current plans to do so. The Commissioner generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws, and the WWSD has never had occasion to enforce, or investigate potential violations of, § 31-51q.**

7.    Admit that Thomas Wydra is Danté Bartolomeo's subordinate.

**ANSWER: Defendants object to the term subordinate as broad and ambiguous.**

**Notwithstanding this objection, Defendants admit that Thomas Wydra is employed at DOL as Wage and Workplace Standards Director under Commissioner Danté Bartolomeo.**

8.    Admit that Thomas Wydra, in his official capacity as the Director of the DOL Wage and Workplace Standards Division, lacks final authority over DOL investigative actions.

**ANSWER: Denied.**

9.    Admit that Thomas Wydra, in his official capacity as the Director of the DOL Wage and Workplace Standards Division, lacks final authority over DOL enforcement actions.

**ANSWER:  Denied.**

10.    Admit that Danté Bartolomeo will not waive or abandon her authority under Connecticut General Statutes § 31-69a(a) to investigate violations of Section 31-51q.

**ANSWER:  Defendants admit that DOL will not waive its authority to investigate violations of § 31-51q under all circumstances, but reserves the right and discretion not to investigate alleged violations of § 31-51q under certain circumstances, including, but not limited to, when DOL determines that § 31-51q does not apply.**

11.    Admit that Danté Bartolomeo will not waive or abandon her authority under Connecticut General Statutes § 31-69a(a) to enforce Section 31-51q.

**ANSWER:  Defendants admit that DOL will not waive its authority under to enforce § 31-51q under all circumstances, but reserve the right and discretion not to enforce § 31-51q under certain circumstances, including, but not limited to, when DOL determines that § 31-51q does not apply.**

12.    Admit that Danté Bartolomeo cannot waive or abandon her authority under Connecticut General Statutes § 31-69a(a) to investigate violations of Section 31-51q.

**ANSWER: Defendants object to this request on the ground that it improperly calls for a legal conclusion. Defendants further object to this request on the ground that it vague and ambiguous.**

**Notwithstanding and without waiving these objections, Defendants construe this as a request to admit that DOL and the Commissioner cannot waive or abandon their authority to investigate specific alleged violations of § 31-51q. This request is denied. The Commissioner and DOL have discretion to determine whether to investigate alleged violations of § 31-51q.**

13.    Admit that Danté Bartolomeo cannot waive or abandon her authority under Connecticut General Statutes § 31-69a(a) to enforce Section 31-51q.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion. Defendants further object to this request on the ground that it vague and ambiguous.**

**Notwithstanding and without waiving these objections, Defendants construe this as a request to admit that DOL and the Commissioner cannot waive or abandon their authority to enforce § 31-51q for specific alleged violations. This request is denied. The Commissioner and DOL have discretion to determine whether there was a violation of 31-51q. To the extent this request addresses civil penalties assessed by DOL, Defendants admit that civil penalties for violations of § 31-51q are governed by § 31-69a, which provides that "any employer, officer, agent or other person who violates" applicable statutes "shall be liable to the Labor Department for a civil penalty of three hundred dollars for each violation . . . ."**

14.     Admit that Danté Bartolomeo's decisions whether to investigate violations of

Section 31-51q do not bind future Commissioners.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion.  Defendants further object to this request as vague and ambiguous because DOL's "decisions" in matters related to investigations, can take many forms, including formal opinion letters, *see* Conn. Gen. Stat. § 4-176.**

**Notwithstanding and without waiving these objections, Defendants deny that the Commissioner decides whether to investigate violations of § 31-51q.  The Commissioner generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws, and the WWSD has never had occasion to enforce, or investigate potential violations of, § 31-51q. Defendants admit that, if the Commissioner did decide whether to investigate an employer for an alleged violation of § 31-51q, that decision may not technically be binding on future Commissioners, but would be guided by any prior decisions because DOL consults and relies upon prior decisions to ensure that DOL is consistent in its interpretation and application of the law.**

15.     Admit that Danté Bartolomeo's decisions whether to enforce Section 31-51q do not

bind future Commissioners.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion.  Defendants further object to this request as vague and ambiguous because DOL's "decisions" in matters related to investigations, can take many forms, including formal opinion letters, *see* Conn. Gen. Stat. § 4-176.**

**Notwithstanding and without waiving these objections, Defendants deny that the Commissioner decides whether to enforce violations of § 31-51q.  The Commissioner generally delegates authority to, defers to, and/or adopts the decisions of the WWSD regarding the investigation and enforcement of wage and workplace standards laws, and the WWSD has never had occasion to enforce, or investigate potential violations of, § 31-51q. Defendants admit that, if the Commissioner did make a decision regarding enforcement of § 31-51q, that decision generally would not bind future Commissioners unless the decision took the form of a formal opinion letter under § 4-176.**

7

16.     Admit that Danté Bartolomeo cannot declare Section 31-51q unconstitutional.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion.  The request is also vague in that it does not define what it means to "declare" § 31-51q unconstitutional.**

**Notwithstanding and without waiving this objection, Defendants state that the Commissioner is a citizen and free to express her opinions about law or policy.**

17.     Admit that William Tong has final authority to bring a civil action in the Connecticut Superior Court to recover penalties that employers owe the Commissioner for violating Section 31-51q.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion because the Attorney General's authority over commencing civil actions to recover penalties is set forth by statute, *see* Conn. Gen. Stat. § 31-69a, and that statute speaks for itself.**

**Notwithstanding and without waiving this objection, Defendants admit that § 31-69a(c) provides in relevant part that "[t]he Attorney General, upon complaint of the Labor Commissioner, shall institute civil actions to recover the penalties provided for under subsections (a) and (b) of this section."**

18.     Admit that William Tong will not waive or abandon his authority under Connecticut General Statutes § 31-69a(a) to enforce Section 31-51q.

**ANSWER:  Defendants admit that Attorney General Tong will fulfill his statutory and constitutional duty to enforce the laws of the State, including § 31-69a if he receives a complaint from the Commissioner in accordance with law.**

19.     Admit that William Tong cannot waive or abandon his authority under Connecticut General Statutes § 31-69a(a) to enforce Section 31-51q.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion.**

**Notwithstanding and without waiving this objection, Defendants admit that Attorney General Tong will fulfill his statutory and constitutional duty to enforce the laws of the State,**

8

**including § 31-69a, if he receives a complaint from the Commissioner in accordance with law.**

20.    Admit that William Tong's decisions whether to enforce Section 31-51q do not bind future Attorneys General of Connecticut.

**ANSWER:  Defendants object to this request on the ground that it improperly calls for a legal conclusion.**

**Notwithstanding and without waiving this objection, Defendants deny that the Attorney General decides "whether to enforce" § 31-51q.**

21.    Admit that William Tong cannot declare Section 31-51q unconstitutional.

**ANSWER: Defendants object to this request on the ground that it improperly calls for a legal conclusion.  The request is also vague in that it does not define what it means to "declare" § 31-51q unconstitutional.**

**Notwithstanding and without waiving these objections, Defendants state that the Attorney General is a citizen and free to express his opinions about law or policy.**

9

**INTERROGATORIES**

1.      If your response to any Request above is anything but an unqualified admission, state the basis for your denial.

**Objection**:  **Defendants incorporate herein their above objections to the definitions and requests for admission.  Defendants further object to this interrogatory insofar as it requires Defendants to provide an explanation for a partial denial beyond what is required by Federal Rules of Civil Procedure 36(a)(4).**

**ANSWER:  Notwithstanding and without waiving those objections, Defendants state that the bases for any denial or partial denial are set forth above in the responses to the requests for admission, in accordance with Federal Rules of Civil Procedure 36(a)(4). Regarding Requests for Admission 8 and 9, Defendants state that Thomas Wydra has authority and responsibility over decisionmaking related to investigative and enforcement actions, including under § 31-69a for potential violations of § 31-51q, and does not require approval from the Commissioner or other State official before making such decisions.**

2.      Defendants represent in their Initial Disclosures that "Defendants anticipate that a member of the leadership staff of the Office of the Attorney General and/or Connecticut Department of Labor ('DOL') will proffer evidence regarding the state's interest in, applicability of, and enforcement of Conn. Gen. Stat. § 31-51q as amended by Public Act No 22-24 . . . ." Provide the name, title, and contact information of those individuals Defendants expect to proffer such evidence.

**ANSWER:  At this time, Defendants do not anticipate proffering evidence from witnesses other than Thomas Wydra and the two experts Defendants have previously disclosed:  (1) Dr. Howard L. Forman, Montefiore Medical Center, 111 E. 210th Bronx, NY 10467, (718) 920-4441, hforman@montefiore.org; and (2) Professor Kate Bronfenbrenner, 262 Ives Faculty Building, Cornell University, Ithaca, NY 14853, (607) 255-7581, klb23@cornell.edu.  Defendants reserve the right to supplement this response at a later date.**

10

Dated: January 29, 2024

As to RFA responses and objections and interrogatory objections only,

/s/ *Emily Adams Gait*
Timothy J. Holzman (ct30420)
Emily Adams Gait (ct31186)
Benjamin Abrams (ct29986)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue, 5th Floor
Tel.:  (860) 808-5212
Fax:  (860) 808-5347
Timothy.holzman@ct.gov
Emily.gait@ct.gov
Benjamin.abrams@ct.gov