

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

*Tel: ( 860 ) 808-5212*
*Fax: (860)  808-5347*

TIMOTHY HOLZMAN
EMILY GAIT
BENJAMIN ABRAMS
ASSISTANT ATTORNEYS GENERAL

August 8, 2025

<u>Via ECF</u>

Hon. Kari A. Dooley
Brian McMahon Federal Building
915 Lafayette Boulevard—Suite 417
Bridgeport, CT 06604

Re:   Supplemental Authority Notice re *Chamber of Commerce of the United States of America v. Bartolomeo*, 3:22-cv-01373 (KAD)

Dear Judge Dooley:

I write to notify the Court of two decisions issued after argument in this case, *Burnett Specialists v. Cowen*, 140 F.4th 686, 2025 U.S. App. LEXIS 14962 (5th Cir. 2025), and *Associated Builders & Contractors of Mich. v. Cowen*, __ F.4th __, 2025 U.S. App. LEXIS 3586 (6th Cir. 2025) ("*Associated Builders*").  Copies of both decisions are attached.

Both decisions dismissed, for lack of standing, plaintiffs' challenges to the April 2022 memorandum issued by then-General Counsel of the National Labor Relations Board Jeniffer Abruzzo ("Memo" or "Abruzzo Memo").  In that Memo, General Counsel Abruzzo concluded that the National Labor Relations Act prohibits mandatory "captive audience" meetings in which employers tell their workers to reject union representation.  She also indicated that she intended to urge the NLRB to overrule its prior decisions holding otherwise.  Plaintiffs in both cases argued that, because the NLRB General Counsel has discretion to decide which alleged violations of the NLRB to investigate and prosecute, the Abruzzo Memo was a threat of prosecution for holding captive audience meetings that unconstitutionally chilled their First Amendment protected speech.  *Burnett Specialists*, 2025 U.S. App. LEXIS 14962 at *7-8; *Associated Builders & Contractors of Mich.*, 2025 U.S. App. LEXIS 3586 at *5.

*Burnett Specialists* and *Associated Builders* support Defendants' position in this case that CBIA lacks standing to challenge Conn. Gen. Stat. § 31-51q.  Although § 31-51q differs from the Abruzzo Memo in that it does not make mandatory meetings

themselves unlawful, but rather prohibits subjecting employees to discipline, discharge, or threats thereof for refusing to attend such meetings (*see e.g.* ECF No. 100-1 at 16 and n.4), both cases emphasize standing principles that are relevant here.

First, *Burnett Specialists* recognizes that plaintiffs cannot manufacture standing simply by censoring themselves, without some showing that there is a credible threat of an enforcement action if they did engage in their intended speech. 2025 U.S. App. LEXIS 14962 at *11-13. That supports Defendants' argument here: that CBIA has not shown a credible threat that Defendants would fine CBIA under Conn. Gen. Stat. § 31-69a if CBIA discussed its political positions during all-staff meetings—particularly in light of the sworn statements Defendants submitted indicating that the Connecticut Department of Labor would never attempt to fine CBIA for that speech. *See* ECF No. 100-1 at pp. 19-21.

Second, both cases emphasize that plaintiffs must intend to engage in the conduct that the challenged law/policy arguably prohibits sometime in the near future. In *Associated Builders,* the court found plaintiff did not allege any concrete future plans to holding a captive audience meeting (the conduct the Abruzzo Memo argued was unlawful). 2025 U.S. App. LEXIS 3586 at *9-11. And in *Burnett Specialists*, plaintiffs asserted they would hold captive audience meetings only "if" their employees attempted to unionize, which was too speculative to confer standing because it was "dependent upon decisions of third parties[.]" 2025 U.S. App. LEXIS 14962 at *11-12. Defendants made similar arguments here: CBIA has no concrete plans discipline or discharge employees for refusing to attend all-staffing meetings anytime in the near future because that would require speculation about whether any of its employees actually would refuse to attend a meeting. *See* ECF No. 100-1 at 15; ECF No. 108 at 2.

       Very truly yours,

       */s/ Timothy J. Holzman*
       Timothy J. Holzman
       Assistant Attorney General